UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JEAN-CLAUDE FRANCHITTI, et al., <br><br> Defendants. | Civil Action No. 21-16937 (PGS) (RLS) <br><br><br> **ORDER ON MOTION FOR** <br> ***IN CAMERA* REVIEW OF** <br> **CERTAIN DOCUMENTS** |

**PRESENTLY** before the Court is a Motion by Defendants Jean-Claude Franchitti and Vartan Piroumian (collectively, "Defendants") for the Court to conduct an *in camera* review of twenty-three (23) documents identified in the privilege log served by Plaintiffs Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (collectively, "Plaintiffs"). (Doc. No. 126). Plaintiffs oppose the Motion, (Doc. No. 133), to which Defendants have replied, (Doc. No. 136). The Court considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1(b)(4) and 78.1(b). For the following reasons, the Court **GRANTS** Defendants' Motion for *In Camera* Review and expressly reserves and makes no determination as to whether the documents subject to such review are entitled to protection or are otherwise discoverable.

In the instant Motion, Defendants seek the Court to conduct an *in camera* review of documents they claim are not within the scope of the attorney-client privilege and/or may trigger the "crime-fraud exception." Plaintiffs oppose such review, and contend, in part, that Defendants failed to proffer a sufficient factual basis to as to the crime-fraud exception to the attorney-client privilege.

This Court exercises discretion in determining whether an *in camera* review is appropriate and considers, in the context of a crime-fraud exception argument, whether a factual basis exists "to support a good faith belief by a reasonable person that the materials may reveal evidence of a crime or a fraud." *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 96 (3d Cir. 1992). While the Court considers whether such a factual basis exists before granting *in camera* review on the basis of the crime-fraud exception, the Court recognizes that Defendants also seek *in camera* review, at least in part, on the basis that the underlying communications were business decisions not within the scope of the attorney-client privilege. (*See* Doc. No. 136 at p. 3). *In camera* review of documents challenged as not within the scope of the attorney-client privilege are common. Resolution of the instant dispute lies within the Court's sound discretion. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

Here, exercising the Court's discretion, and expressly reserving on the issue of any applicable privilege or exceptions thereto, the Court finds that an *in camera* review would aid the Court in considering Defendants' challenges to Plaintiffs' privilege log. Accordingly, upon a showing of good cause, and within the Court's discretion,

**IT IS** on this **4th** day of **June 2024**, hereby

**ORDERED** that Defendants' Motion for an *In Camera* Review of twenty-three (23) documents identified in Plaintiffs' Privilege Log (Doc. No. 126) is hereby **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **TERMINATE** the Motion pending at Docket Entry Number 126; and it is further

**ORDERED** that, by no later than **June 18, 2024**, Plaintiffs shall, on an *ex parte* basis, mail a thumb drive containing the challenged documents for the undersigned's *in camera* review.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**HON. RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**