# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JEAN-CLAUDE FRANCHITTI, *et al.*,<br><br>Defendants. | Civil Action No. 21-16937 (ZNQ) (RLS)<br><br>**ORDER ON MOTION FOR SANCTIONS AND OTHER RELIEF** |

**PRESENTLY** before the Court is a Motion by Defendants Jean-Claude Franchitti and Vartan Piroumian (collectively, "Defendants") for the Court to impose sanctions on Plaintiffs Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (hereinafter referred to in the singular, "Cognizant") and to enforce the Court's December 8, 2023 Order. (Doc. Nos. 124-125). Cognizant opposes the Motion (Doc. No. 134), to which Defendants have replied (Doc. No. 138). The Court considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1(b)(4) and 78.1(b). For the following reasons, the Court **DENIES** Defendants' Motion.

In the instant Motion, Defendants seek sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent powers on the contention that Cognizant continues to withhold information within its possession, custody, or control responsive to an interrogatory, notwithstanding the Court's December 8, 2023 Order compelling Cognizant to supplement its response. (*See* Doc. No. 94). Defendants argue that Cognizant did not conduct a reasonable inquiry to respond to the interrogatory by failing to consult certain documents and data relating to Cognizant's asset recovery processes. (*See* Doc. No. 125 at p. 22). Some of the

underlying documents and data believed by Defendants to exist within Cognizant's possession, custody, or control are the subject of Defendants' Motion to Compel. (Doc. No. 122). On November 26, 2024, the Court granted in part that Motion to Compel in a separate order. (Doc. No. 164).

Pursuant to 28 U.S.C. § 1927, a court may impose sanctions in the form of an award of costs, fees, and expenses on any attorney "who so multiplies the proceedings" in an unreasonable and vexatious manner. 28 U.S.C. § 1927. To impose such sanctions, the Court "must find willful bad faith on the part of the offending attorney." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002) (internal quotation marks and citation omitted). Rule 37 of the Federal Rules of Civil Procedure permits a court to sanction a party for failing to comply with a court order or for failing to disclose information without substantial justification. Fed. R. Civ. P. 37(b)–(c); *see Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 99 (D.N.J. 2006). The Court also possesses the inherent power to sanction those who abuse the judicial process. *Wachtel*, 239 F.R.D. at 84; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). However, "a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *In re Prudential Ins. Co.*, 278 F.3d at 189 (internal quotation marks and citation omitted).

Because the Court has ordered Cognizant to search and produce additional logs or lists that may bear on any supplement to the interrogatory at issue in this Motion, the Court finds the Motion for Sanctions and to Enforce the Court's December 8, 2023 Order premature. Discovery is ongoing and contentious on both sides. Any further production by Cognizant may require supplementation of the interrogatory to satisfy its obligations under Rule 33(d) of the Federal Rules of Civil Procedure. Equally, any further production by Cognizant may reveal that its supplemental

response to the interrogatory at issue was appropriate at the time it was made in light of the discovery produced as of that date. Accordingly, upon a showing of good cause, and within the Court's discretion,

**IT IS** on this **26th** day of **November 2024**, hereby

**ORDERED** that Defendants' Motion for Sanctions and to Enforce the Court's December 8, 2023 Order (Doc. No. 124) is **DENIED** as premature; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 124.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**HON. RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**