UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JEAN-CLAUDE FRANCHITTI, *et al.*, <br><br> Defendants. | Civil Action No. 21-16937 (ZNQ) (RLS) <br><br><br> **MEMORANDUM OPINION AND ORDER ON MOTION FOR PROTECTIVE ORDER** |

**SINGH, United States Magistrate Judge**.

**CURRENTLY** before the Court is the Motion by Plaintiffs Cognizant Technology Solutions Corporation and Cognizant Technologies U.S. Corporation (hereinafter referred to in the singular, "Cognizant") for a protective order to preclude the depositions of three Cognizant employees by Defendants Jean-Claude Franchitti and Vartan Piroumian (collectively, "Defendants") (Doc. No. 127), to which Defendants have filed opposition (Doc. No. 132), and to which Cognizant has filed a reply (Doc. No. 139). The Court has fully considered the parties' submissions and considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, and for good cause shown, the Motion will be denied.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

The parties are assumed to be familiar with the background and procedural history of this case. (Doc. No. 34 (Memorandum and Order denying Defendants' separate motions to dismiss, dated July 19, 2022); Doc. No. 86 (Memorandum and Order denying Cognizant's motion to

1

dismiss counterclaims, dated November 2, 2023)). Thus, the Court only sets forth herein the background and procedural history relevant to the instant Motion.

Defendants are former Cognizant employees who have instituted two cases against Cognizant: (1) a qui tam action under the False Claims Act in this Court alleging Cognizant fraudulently abused the federal work-visa program, initiated in August 2017; and (2) an employment discrimination case in federal court in the Central District of California, initiated in September 2017 ("California Case"). *See Franchitti v. Cognizant Technology Solutions Corporation*, D.N.J. Case No. 17-6317; *Palmer v. Cognizant Technology Solutions Corporation*, C.D. Cal. Case No. 17-6848. Franchitti ceased being employed by Cognizant on July 20, 2016. (Doc. No. 1-2 at p. 4). Piroumian ceased being employed by Cognizant on August 2, 2017. (*Id.* at p. 5).

Cognizant, in turn, brought the instant case in New Jersey state court on July 23, 2021 against Defendants for breach of contract and breach of fiduciary duty for allegedly retaining Cognizant's confidential documents in violation of the terms of their employment. (Doc. No. 1-2). Defendants removed the instant case to this Court on September 14, 2021. (Doc. No. 1). Defendants then asserted counterclaims for retaliation under Title VII and the New Jersey Law Against Discrimination. (Doc. No. 55).

While the instant Motion was pending and after briefing had been completed, a jury verdict was entered in Defendants' favor and against Cognizant in the retrial of the California Case in October 2024, whereas the previous trial had ended in a mistrial in June 2023. *See* C.D. Cal. Case No. 17-6848, Doc. Nos. 568, 666. Post-trial motion practice has commenced in the California Case. *See* C.D. Cal. Case No. 17-6848, Doc. No. 683.

## II.    MOTION FOR A PROTECTIVE ORDER

Cognizant seeks to prevent Defendants from deposing three of Cognizant's managerial employees, *i.e.*: Eric Westphal, who was the chief operating officer of the legal and corporate affairs department from 2014 through 2018, and is currently an assistant vice president in human resources; and Venugopal Padmanabhan and Lakshmi Anand, who both have had managerial responsibilities in human resources, talent supply chain, and workforce strategy (collectively, the "Three Employees"). (Doc. No. 127-1 at pp. 1, 6, 12–14). Cognizant argues that "Defendants' sole purpose" for noticing the depositions of the Three Employees is to "gain a litigation advantage" in the California Case, wherein "[d]iscovery . . . closed two years ago," because these individuals do not possess personal knowledge of the claims at issue in this litigation. (Doc. No. 127-1 at p. 2; *see also id.* at p. 6).[1] Cognizant points out that, during the time period when Defendants noticed the depositions of the Three Employees, the Three Employees were scheduled to testify in the California Case, for which the retrial had yet to proceed when this Motion was filed. (Doc. No. 127-1 at p. 2).

Defendants argue in response that the Three Employees may have personal knowledge concerning the alleged facts underlying Defendants' retaliation counterclaims, in view of their key roles in managerial positions in the area of human resources within Cognizant. (Doc. No. 132 at pp. 1, 6–10). Defendants also argue that, purely by happenstance, the Three Employees are among the few employees of Cognizant remaining who held management positions before, during, and after the time periods when both Defendants were employed there, and thus they are among the

---

[1] Defendants identified Westphal and Padmanabhan in their Supplemental Initial Disclosures pursuant to Rule 26(a)(1) as having knowledge of "Cognizant's discriminatory and fraudulent practices, and Cognizant's retaliation against those who speak out against those practices[.]" (Doc. No. 127-3 at p. 4).

3

select few individuals who may be able to provide relevant testimony of any sort. (Doc. No. 132 at p. 5). Defendants argue further that the mere fact they were expected to be called upon to testify during the retrial of the California Case does not categorically prevent them from being deposed in the instant case, because there are not many other employees remaining who were at the managerial level during the period of time that is relevant to this case and who may be able to testify from personal knowledge concerning Cognizant's alleged retaliatory intent in instituting this case. (Doc. No. 132 at pp. 5, 7, 17, 19).

In reply, Cognizant argues that it seeks a protective order because the Three Employees do not have information relevant to the claims and defenses at issue in this action. (*See* Doc. No. 139). Cognizant claims that, because they do not possess relevant information, the sole purpose of the depositions is to burden and harass them and "relitigate [the California Case.]" (Doc. No. 139 at p. 5). Cognizant further opposes Defendants' proffer that they seek to depose the Three Employees to discover any motive by Cognizant for the alleged retaliation or to discover information relevant to the affirmative defense of unclean hands. (Doc. No. 139 at pp. 7–11). Finally, Cognizant points out that Defendants already have the public trial testimony of the Three Employees, which Defendants could use here in this matter. (Doc. No. 139 at pp. 11–12).

### III.  LEGAL STANDARD

Parties may generally seek discovery regarding any nonprivileged matter that is both relevant to a claim or defense and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information need not be admissible at the trial, *id.*, and the party seeking the discovery bears the burden of showing that the information sought is relevant, *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Whether information is relevant "depends on the facts of each case, and the determination of relevance is within the discretion of the Court." *Carchietta v. Russo*, No. 11-

7587, 2014 WL 1789459, at *3 (D.N.J. May 6, 2014); *see also Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (recognizing the Court exercises wide discretion to limit discovery). Such relevant and proportional information may be sought through the deposition of "any person, including a party, without leave of court" except as limited by Rule 30(a)(2). Fed. R. Civ. P. 30(a)(1).

The Court will rarely prohibit the taking of a deposition altogether, and such an order would likely be in error absent extraordinary circumstances. *See United States ex rel. Salomon v. Wolff*, No. 17-5456, 2022 WL 989317, at *5 (D.N.J. Mar. 23, 2022), *aff'd*, 2023 WL 6058833 (D.N.J. Sept. 18, 2023). Nevertheless, the Court will limit discovery that is outside of the scope of that permitted under Rule 26(b)(1) or that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). On a motion for a protective order precluding a deposition, the movant must show good cause based on a particular need for protection "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Pearson v. Miller*, 211 F.3d 57, 72–73 (3d Cir. 2000); *see also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (requiring that movant show a "particular need for protection"). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone*, 785 F.2d at 1121 (citations omitted). Indeed, the "harm must be significant, not a mere trifle." *Id.* (citations omitted).

The resolution of a motion for a protective order lies within the Court's sound discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987); *see also Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999) (noting that the standard when reviewing a Magistrate Judge's decision denying a discovery request is for abuse of discretion); *Forrest v. Corzine*, 757

5

F. Supp. 2d 473, 477 (D.N.J. 2010) (holding that Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances).

## IV. DISCUSSION

As discussed above and as emphasized by Cognizant in its submissions, Cognizant seeks to preclude the depositions of the Three Employees because they do not possess knowledge relevant to the issues in dispute in this matter and such depositions would have presented an improper tactical advantage to Defendants in the retrial in the California Case. (*See* Doc. No. 127-1 at pp. 2, 6–8, 10, 15, 16; *see also* Doc. No. 139 at p. 5). However, the retrial in the California Case concluded on October 4, 2024, with a jury verdict having been returned in Defendants' favor. *See* C.D. Cal. Case No. 17-6848, Doc. No. 666. As a result, any concern over a tactical advantage appears to be moot at this point.

The Court thus considers Cognizant's objection to the depositions on the basis that the Three Employees lack personal knowledge of the underlying claims, counterclaims, or defenses. Notably absent from the record on this Motion, however, are the testimony transcripts of the Three Employees or declarations from the Three Employees such that the Court could make a credible determination that they in fact do not possess information relevant to this litigation. Furthermore, Defendants identified two of the Three Employees in their Supplemental Initial Disclosures as having information of "Cognizant's retaliation against those who speak out against" its "discriminatory and fraudulent practices[.]" (Doc. No. 127-3 at p. 4). Given their respective positions with Cognizant as well as their duration of employment with Cognizant, the Court cannot say on this record that the Three Employees lack any information relevant to the claims or defenses at issue here. Nor can the Court predict that Defendants necessarily would solicit irrelevant testimony from the Three Employees. As such, the Court denies Cognizant's Motion.

The Court, nonetheless, cautions Defendants to focus any inquiry during the depositions to those issues relevant to this litigation. Cognizant, of course, may raise its objections, if any, at the deposition and proceed with the appropriate remedies, if necessary, at the time of the depositions or thereafter.

## V.  CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this **26th** day of **November 2024** hereby

**ORDERED** that Cognizant's Motion for a Protective Order (Doc. No. 127) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry No. 127.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**