UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JEAN-CLAUDE FRANCHITTI, et al., <br><br> Defendants. | Civil Action No. 21-16937 (PGS) (RLS) <br><br> **ORDER REGARDING** <br> ***IN CAMERA* REVIEW** |

**THIS MATTER** comes before the Court upon the Court's *in camera* review of twenty-three (23) documents (the "Challenged Documents") identified in a privilege log served by Plaintiffs Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (collectively, "Cognizant"). By way of background, Defendants Jean-Claude Franchitti and Vartan Piroumian (collectively, "Defendants") sought the Court's *in camera* review of the Challenged Documents, (Doc. No. 126), which Cognizant opposed, (Doc. No. 133), and to which Defendants replied, (Doc. No. 136). The Court granted Defendants' request for *in camera* review. (Doc. No. 142). Although Defendants' Motion did not seek any other relief (such as to compel production) besides an *in camera* review (which has been granted), (*see* Doc. No. 126-9), the Court has fully reviewed the Challenged Documents and sets forth its findings herein. For the reasons set forth below, and upon full consideration of the *in camera* review, to the extent Defendants seek to compel the production of the Challenged Documents, the Court **DENIES** that request.

Because the Court writes for the benefit of the parties who are fully familiar with this matter, the Court does not set forth at length the background and procedural history of this matter.

1

Relevant here, Defendants sought the Court to review *in camera* the twenty-three (23) documents for three reasons. (*See* Doc. No. 126-1). First, Defendants argued that the emails and PowerPoint contained in the Challenged Documents appeared to relate to a business decision to initiate this action, rather than any legal advice, such that the attorney-client privilege cannot protect them from disclosure. Second, Defendants argued that the crime-fraud exception would require the disclosure of the Challenged Documents because they "are likely to reflect Cognizant's goal in filing this lawsuit—to intimidate, retaliate against, and coerce Defendants into dropping their discrimination and visa fraud claims against the company." (Doc. No. 126-1 at p. 8). Third, Defendants pointed out that they limited their request to only twenty-three (23) documents so as "to alleviate any burden on the Court." (Doc. No. 126-1 at p. 11).

Cognizant opposed the motion for *in camera* review. (Doc. No. 133). Cognizant argued that the Challenged Documents were protected from disclosure pursuant to the attorney-client privilege because they reflected confidential communications relating to legal advice. It also asserted that the crime-fraud exception did not apply as a matter of law and fact. Cognizant emphasized that its "sole interest in pursuing this litigation has been to secure its confidential information[,]" not to retaliate or commit some crime or fraud. (Doc. No. 133 at p. 13). It added that "there is nothing suspicious, nefarious, or improper about the communications" within the Challenged Documents. (Doc. No. 133 at p. 15).

In reply, Defendants argued that only an *in camera* review would reveal if the documents are discoverable or not. (Doc. No. 136). They also reiterated their speculation that the Challenged Documents must be communications relating to a business decision to bring this action, rather than any legal advice. Defendants also contended that an *in camera* review was appropriate to

2

determine if the crime-fraud exception applied. Finally, Defendants clarified that they did not seek to revisit the Court's prior order resolving other discovery disputes.

Without making any findings as to whether the Challenged Documents were privileged, the Court granted the relief for *in camera* review. Having reviewed the Challenged Documents, the Court's review supports Cognizant's contentions that the Challenged Documents clearly reflect attorney-client privileged information[1] that is protected from disclosure and that there is no basis whatsoever to apply the crime-fraud exception to these documents.

The parties are well-aware: Discovery is not limitless, but subject to the Federal Rules of Civil Procedure and the Court's finding of "the right balance." *Goodman v. Burlington Coat Factory Warehouse Corp.*, 292 F.R.D. 230, 233 (D.N.J. 2013); *see also* Fed. R. Civ. P. 1 (providing the Rules should be interpreted to "secure the just, speedy, and inexpensive determination" of the case). Discoverable information includes nonprivileged matter that is both relevant to a claim or defense and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court will limit discovery that is outside the scope of that permitted under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(iii).

A party withholding information or documents on the basis of a privilege must expressly assert the claim and describe the basis for so withholding the information or documents. Fed. R. Civ. P. 26(b)(5). The party asserting a privilege bears the burden of proving its application on a document-by-document basis. *See United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990); *in re Grand Jury Empanelled February 14, 1978*, 603 F.2d 469, 474 (3d Cir. 1979). In cases, like this one, that are brought pursuant to diversity jurisdiction, (*see* Doc. No. 1), the Court

---

[1] The Court also finds that some of the Challenged Documents are also protected from disclosure pursuant to the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3)(A); *In re Grand Jury Investigation*, 599 F.2d 1224, 1228 (3d Cir. 1979).

applies state law as to questions of the attorney-client privilege. *See* Fed. R. Evid. 501; *Formosa Plastics Corp., U.S.A. v. Ace Am. Ins. Co.*, No. 20-14338, 2023 WL 8446228, at *4 n.5 (D.N.J. June 8, 2023). The parties do not address which forum's privilege law is applicable here. Nevertheless, New Jersey law regarding the attorney-client privilege, like most jurisdictions, protects certain "communications made in confidence, between a lawyer and a client in the course of a professional relationship." *Formosa Plastics*, 2023 WL 8446228, at *5 (citing *Hedden v. Kean Univ.*, 434 N.J. Super. 1, 10 (App. Div. 2013)); *see also* N.J.S.A. 2A:84A-20; N.J.R.E. 504. For the privilege to attach, there must be a communication, made in confidence, between an attorney acting as a legal advisor and a client, for the purpose of seeking legal advice. *See Hedden*, 434 N.J. Super. at 10. The privilege, while not absolute, ultimately serves to promote frank communications between attorneys and their clients. *Hedden*, 434 N.J. Super. at 10.

Nevertheless, the crime-fraud exception requires the disclosure of otherwise privileged material and "exists to ensure that the attorney-client privilege does not extend to communications in furtherance of the commission of a fraud or crime." *United States v. Weinstein*, No. 24-cr-128, 2025 WL 240928, at *5 (D.N.J. Jan. 15, 2025) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 90 (3d Cir. 1992)). The party asserting the exception bears the burden of showing "a reasonable basis to suspect (1) that the privilege holder was committing or intending to commit a crime or fraud, and (2) that the attorney-client communication or attorney work product was used in furtherance of that alleged crime or fraud." *In re Grand Jury*, 705 F.3d 133, 155 (3d Cir. 2012). The resolution of this dispute lies within the Court's sound discretion. *See Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

Here, the Court has fully reviewed *in camera* the Challenged Documents and finds they are all protected by the attorney-client privilege. The communications and PowerPoint at issue clearly reflect confidential requests for legal advice and responsive legal advice involving attorneys who are acting in their capacities to provide such legal advice. There is nothing whatsoever in the Challenged Documents that would lead one to a reasonable conclusion that they reflect a business decision or business advice, rather than legal advice. While in-house counsel may have may roles that include providing both protected legal advice and unprotected business advice, the Challenged Documents clearly relate to and relay confidential legal advice, which are protected from disclosure. *See, e.g., in re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, No. 19-md-2904, 2023 WL 8595741, at *4 (D.N.J. Oct. 16, 2023) (recognizing that the attorney-client privilege applies to communications between an entity's "management and employees where doing so would effectuate or enable legal advice[,]" rather than concerning "business affairs, technical issues, or public relations").

Furthermore, the *in camera* review of the Challenged Documents supports Cognizant's representation that its "sole interest in pursuing this litigation has been to secure its confidential information[,]" rather than to retaliate or commit some crime or fraud. (Doc. No. 133 at p. 13). These documents do not offer any basis, let alone a reasonable one, to support any suspicion that Cognizant "was committing or intending to commit" a crime, fraud, retaliatory conduct, or even bad faith litigation.[2] *In re Grand Jury*, 705 F.3d at 155.

---

[2] In their reply brief on the motion for an *in camera* review, Defendants included a footnote with a citation to a case that quoted from William Shakespeare, Hamlet, act 3, sc. 2, line 242: "The lady doth protest too much, methinks." (*See* Doc. No. 136 at p. 1). Having conducted the *in camera* review and having found no support for Defendants' aspersions of wrongful withholding by Cognizant, the irony of the quote is not lost on the Court. Yet, the challenges brought through the motion more aptly evoke another Shakespearian reference: Much Ado About Nothing.

Accordingly, the Court finds that the Challenged Documents are protected from disclosure pursuant to the attorney-client privilege. Therefore, upon a showing of good cause, and exercising the Court's discretion,

**IT IS** on this **26th** day of **February 2025**, hereby

**ORDERED** that, to the extent Defendants seek to compel production of the Challenged Documents, that request is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 142.

**SO ORDERED.**

_____
RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE